## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| **FRANCISCO VILLALONGO,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**QUALITY POLE INSPECTION &**<br>**MAINTENANCE, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO. 6:16-CV-00025**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

## SUMMARY

1.      Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2.      Plaintiff Francisco Villalongo, and the employees he seeks to represent ("Class Members"), are current and former hourly paid inspectors employed by Defendant Quality Pole Inspection & Maintenance, Inc. ("Defendant" or "QPI&M") during any work week three years prior to the time notice is issued.

3.     This case implicates Defendant's longstanding policy of knowingly and deliberately failing to compensate Plaintiff and Class Members for their overtime hours based on the time and one-half formula under the FLSA.

4.     Defendant violated the FLSA in the following manners:

    a.     Defendant failed to pay Plaintiff overtime whatsoever.  Rather, Defendant paid Plaintiff and Class Members "straight time pay" for all hours worked.

    b.     On the rare occasion Defendant did pay Plaintiff and Class Members for some of their overtime, it did so at a reduced and incorrect overtime rate.  That is, Defendant failed to take into account all remunerations when calculating the regular hourly and overtime rates.

5.     Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6.     Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7.     Plaintiff also prays that the class of similarly situated hourly-paid inspectors be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9.     Venue is proper in the Southern District of Texas Victoria Division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district.

## PARTIES & PERSONAL JURISDICTION

10.     Plaintiff Francisco Villalongo is an individual who resides in Tulsa, Oklahoma. His written consent form to this action is attached hereto as Exhibit "1."

11.     The Class Members are all hourly-paid inspectors employed by Defendant at any time during the three years prior to filing of this Complaint up to the present.

12.     Defendant QPI&M is a Texas for-profit corporation, which does business in Texas.  Defendant may be served process through its registered agent as follows: Walter Pucci, 401 East Main Street, Edna, Texas 77957.

## FLSA COVERAGE

13.     At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

14.     At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

15.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendant has and continues to have employees engaged in commerce.

16.     Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard.  26 U.S.C. § 203 (s)(1)(A)(ii).

17.     At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

18.    Inspectors, like the Plaintiff and Class Members, are non-exempt employees under the FLSA.

**SUMMARY OF FLSA VIOLATIONS & RELEVANT FACTS**

19.    QPI&M provides inspection, maintenance, and GIS reporting for wooden, concrete, and metal poles and tower structures throughout the southeastern United States. QPI&M also offers customers pole reinforcement and restoration, GIS data services, facility and street light inventory, pad mount inspection and paint, ground wire resistance testing and repair, hardware inspection, anchor inspection and extensions.

20.    Plaintiff was employed by Defendant as an inspector from on or about September 2014 through February 2016.

21.    Plaintiff primarily worked for Defendant in Edna, Texas, which is located in Jackson County.

22.    Plaintiff's primary duty consisted of inspecting power line poles, inspecting power lines, and reporting discrepancies found to Defendant.

23.    Plaintiff's primary work consisted of manual labor.

24.    Plaintiff worked an average of fifty (50) hours per week.

25.    Defendant pays its inspectors an hourly rate.

26.    Defendant does not pay the federally mandated premium of time-and-a-half for hours worked over forty (40) in a workweek.  Rather, Defendant pays its inspectors "straight time pay" for all hours worked.

27.    On the rare occasion Defendant did pay Plaintiff and Class Members for some of their overtime worked, it did so at a reduced and incorrect overtime rate.  That is, Defendant

failed to take into account all remunerations when calculating the regular hourly and overtime rates.

28.    That is, in addition to Plaintiff's hourly pay, he received "incentive 1" and "incentive 2" pay, "travel" pay, "safety" pay, "bonus," and Defendant treated as separate line items regular pay for hours worked in Texas and regular pay for hours worked in Oklahoma. These payments were improperly excluded from the calculation of the regular rate and overtime rate in violation of Section 7(e) of the FLSA.

29.    No exemption or other exception to the payment of overtime under the FLSA applies to hourly paid manual laborers like the Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

30.    As part of their regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

31.    Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

32.    Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant as inspectors within three (3) years from the commencement of this action.

33.    Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff since his claims are similar to the claims possessed by Class Members.

34.     Plaintiff has actual knowledge that Class Members working for Defendant throughout the United States have likewise been denied overtime at the rate mandated by the FLSA.  Specifically, Plaintiff is aware that inspectors in Texas and Oklahoma are subject to the wage allegations in this collective action complaint.

35.     Plaintiff is similarly situated to the Class Members.  Class Members perform or have performed the same or similar work as the Plaintiff.

36.     Like Plaintiff, the Class Members were paid only for straight time for all hours worked above 40 each week.

37.     Like Plaintiff, on the rare occasion Defendant did pay for overtime, it did so at a reduced and incorrect overtime rate.   That is, Defendant failed to take into account all remunerations when calculating the regular hourly and overtime rates for Class Members.

38.     The names and addresses of the Class Members of the collective action are discoverable from the Defendant.  To the extent required by law, notice will be provided to these individuals via First Class Mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

39.     Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

40.     The claims of the Plaintiff and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendant to comply with its obligation to legally compensate their employees.

41.     As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former inspectors employed by QPI&M during the three-year period before the filing of this complaint up to the present.**

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

42.     Plaintiff incorporates the preceding paragraphs by reference.

43.     Defendant violated the FLSA by failing to pay Plaintiff and Class Members overtime based on the statutory formula provided in the FLSA.

44.     For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

45.     The Defendant violated and continues to violate the FLSA when it failed to pay Plaintiff and Class Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

46.     No exemption provided in the FLSA or recognized by courts authorizes the Defendant to disregard paying overtime to its employees when such overtime is earned.

47.     Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Therefore, a three-year statute of limitations applies to this action and Defendant is liable for liquidated damages.

## DAMAGES SOUGHT

48.     Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

49.     Plaintiff and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

50.     Plaintiff and Class Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

51.     For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a.  All unpaid wages;

    b.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    c.  An equal amount as liquidated damages as allowed under the FLSA;

    d.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

    e.  Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: */s/ Martin A. Shellist*
    MARTIN A. SHELLIST
    Texas Bar No. 00786487
    Federal ID No. 16456
    mshellist@eeoc.net
    RICARDO J. PRIETO
    Texas Bar No. 24062947
    Federal ID No. 1001658
    rprieto@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEYS FOR PLAINTIFF
    & CLASS MEMBERS